PROB 12B
(7/93)

# United States District Court

for

District of Guam

FILED
DISTRICT COURT OF GUAM
NOV - 8 2006
MARY L.M. MORAN
CLERK OF COURT

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender     **Joseph G. Tuncap**                    Case Number: **CR 98-00307-001**

Name of Sentencing Judicial Officer:    John S. Unpingco

Date of Original Sentence:    May 21, 1999

Original Offense:    Bank Fraud, in violation of 18 United States Code Section 1344 and 2.

Original Sentence:    125 months imprisonment followed by a 60 month term of supervised release with conditions to include: pay restitution in the amount of $117,983.98 to the victims; payments shall be made to the U.S. District Court of Guam; perform 400 hours of community service; participate in a drug treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse; obtain and maintain gainful employment; and pay a $600 special assessment fee.

Type of Supervision:    Supervised Release            Date Supervision    October 27, 2006

## PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follow

1.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Joseph Tuncap's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Tuncap's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Tuncap's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 11/6/06

Respectfully submitted,

by: GRACE D. FLORES
U.S. Probation Officer

Date: November 6, 2006

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other    Issuance of a:    ☐ Summons    ☐ Warrant

HON. FRANCES TYDINGCO-GATEWOOD
Chief Judge
District of Guam

NOV - 8 2006
Date

RECEIVED
NOV - 7 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

**Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision**

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Witness: Grace D. Flores
U.S. Probation Officer

Signed: Joseph G. Tuncap
Probationer or Supervised Releasee

10/27/06
Date